IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

4/1/2014

RE:   Daniel White v. John E. Wetzel et al
      CA No. 13-2966

# NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Strawbridge, on this date in the above captioned matter. You are hereby notified that within fourteen (14) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: _____
John Arrow, Deputy Clerk

cc:   Courtroom Deputy to Judge Dalzell
      White
      Shields

civ623.frm
(11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL WHITE<br>Petitioner, | : | CIVIL ACTION |
| v. | : | |
| JOHN E. WETZEL, et al.,<br>Respondents. | : | NO. 13-2966 |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                    March 3/ , 2014

Before the Court is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Daniel White, who is currently incarcerated at the State Correctional Institution – Forest in Marienville, Pennsylvania. For the reasons that follow, we recommend that the petition be stayed pending the state courts' consideration of his claim relying on the United States Supreme Court's recent decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).

## I.   FACTS AND PROCEDURAL HISTORY[1]

White was convicted on October 16, 1991 in the Philadelphia Court of Common Pleas of one count of second-degree murder and related charges arising out of an incident that occurred on July 6, 1990. (Typed Pet. at 1; Form. Pet. at 4-5, Ans. at 1.) White alleges that he was born

---

[1] In that White has a post-conviction petition pending in the state courts, the original state court record is not available to us in this case. We derived the facts and procedural history from the original petition White filed on May 19, 2013 (Doc. 1) ("Typed Pet."), the form petition he later completed at the Court's direction (Doc. 3) ("Form Pet."), the response and its appended exhibits (Doc. 6) ("Resp."), and the state court docket entries available online through The Unified Judicial System of Pennsylvania Web Portal, http://ujsportal.pacourts.us for Case No. CP-51-CR-1103122-1990 (last visited March 26, 2014).

1

on July 3, 1974 and thus was sixteen years old at the time he committed these offenses. (Form Pet. at 18.) Upon his conviction, the trial court imposed the mandatory sentence on the second-degree murder conviction of a term of life imprisonment without the possibility of parole. (Form Pet. at 4, 8; Ans. at 1.) He did not file a direct appeal at that time. At some later date, not apparent from the dockets, he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541, *et seq.* ("PCRA"), which was dismissed by the PCRA Court in 2001. The Pennsylvania Superior Court and Pennsylvania Supreme Court did not disturb that decision. *See* St. Ct. Dkt., Pa. Super. Ct. No. 901 EDA 2001 (reflecting decision issued Feb. 26, 2002); St. Ct. Dkt., Pa. S. Ct. No. 125 EAL 2002 (reflecting denial of allowance of appeal on Aug. 9, 2002). White initiated a number of other PCRA actions that were also dismissed, some of which he also appealed unsuccessfully to the Superior Court. *See* Form Pet. at 5-6.

White filed another PCRA petition on or about June 11, 2010. *See* St. Ct. Dkt. at 15. That petition went into "PCRA – Initial Review Status" with the court on June 16, 2010. *Id.* Although White filed amended petitions, various motions, and "supplemental filings" in support of his petition, the state court docket does not reflect any further action taken by the court. *See id.* at 15-16. On March 22, 2011, he sought, unsuccessfully, to appeal to the Superior Court the PCRA Court's lack of action on his petition, which he suggested could be deemed to be a denial. *See* Doc. 7 at 3 & Ex. A.

On or about July 16, 2012, White filed an Amended *pro se* PCRA petition, this time asserting that his sentence to life imprisonment without the possibility of parole for a murder committed as a juvenile was unconstitutional, relying upon *Miller v. Alabama*, 132 S. Ct. 2455 (June 25, 2012). *See* St. Ct. Dkt. at 16 (noting "PCRA – Amended PCRA Petition Filed / Miller Claim"). The docket indicates he filed some sort of amended petition on December 6, 2013, as

well as a motion for leave to supplement his petition. (*Id.*) His PCRA petitions remain pending before the PCRA Court.

White sought federal review of his sentence in light of *Miller* on May 19, 2013, when he submitted a typed, *pro se* petition to this Court, (Typed Pet., Doc. 1), followed by a petition on this district's required forms on June 20, 2013 (Form Pet., Doc. 3). Upon referral from the Honorable Stewart Dalzell for preparation of a Report and Recommendation, we directed the Philadelphia District Attorney's Office to file a response to the petition. In their response filed on August 29, 2013, Respondents contend that the Court cannot grant the requested relief because White has not satisfied the exhaustion requirement. (Resp. at 4.) In light of his pending application for relief on the *Miller* claim in the PCRA Court, however, Respondents will "not oppose a stay of this proceeding until after the conclusion of state court review" of the pending PCRA petition. (*Id.*) White has filed a "Response to the State[']s Request for a Stay and Abeyance," in which he argues that he should be excused from the exhaustion requirement due to the state court's inaction on his PCRA petitions.

## II. DISCUSSION

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review and correct his allegations of error before he seeks relief in the federal court. *See, e.g., Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The governing statute further provides that a habeas petitioner is not in compliance with this exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

3

The Eighth Amendment *Miller* claim that White identifies is clearly unexhausted, as the issue raised is still before the PCRA Court in the amended petition filed on July 16, 2012. The parties suggest two different courses of action given this posture.

### A.     Excusing the exhaustion requirement

In response to the Commonwealth's suggestion that a stay of proceedings would be appropriate in lieu of dismissal for failure to exhaust, White argues that he should be excused from the exhaustion requirement entirely, citing to the exceptions found within the text of the habeas statute, where: "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). *See* Pet'r Reply at 1-2.

The Third Circuit Court of Appeals has recognized that "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir. 1994) (citing *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986)). When determining if a delay in state court proceedings warrants excusing the exhaustion requirement, the court must first determine if the petitioner has established the existence of inordinate delay. If so, then the burden shifts to the state to demonstrate why exhaustion should still be required. *Id.* "Delay only rises to the level of inordinate in extreme cases[.]" *Singleton v. Wynder*, 485 F. Supp.2d 602, 605 (E.D. Pa. 2007) (Robreno, J.). While the Third Circuit has found inordinate delay as to excuse exhaustion where there was an eight year delay and still no resolution of the PCRA petition, *see Lee v. Stickman*, 357 F.3d 338, 343 (3d Cir. 2004); a seven year delay, *see Coss v. Lackawanna County Dist. Attorney*, 204 F.3d 453, 460 (3d Cir. 2000) (*en banc*); a nine year delay, *see Story v. Kindt*, 25 F.3d 402, 406 (3d Cir.

4

1995); and an eleven year delay, *see Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991); the shortest period of delay which the Third Circuit has found to constitute inordinate delay was the delay in *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986), of 33 months between the date of filing of a PCRA petition and the filing of the federal habeas petition. *See Singleton*, 485 F. Supp.2d at 605-06 (cataloguing cases). When confronted in 2002 with a case involving a 27 month delay, the Third Circuit explicitly refused to "reduce the threshold of delay making state court processes ineffective" to that 27 month mark. *Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002). *See also id.* at 410 (noting that the "thirty-three month delay in *Wojtczack* remains the shortest delay held to render state collateral proceedings ineffective for purposes of the exhaustion requirement").

In this case, the total time elapsed between White's filing of the amended PCRA petition raising a *Miller* claim on July 16, 2012 and the filing of his habeas petition in federal court on May 19, 2013 is ten months.[2] As of the time of the filing of this Report, his PCRA petition bringing the *Miller* claim will have been pending in the PCRA court for twenty months. In light of the cases cited above, we cannot classify this delay as "inordinate."

Nor could we characterize the delay by the state court as "inexcusable" in these circumstances. Based upon the number of habeas petitions brought in our district under *Miller*, we presume that there are scores of PCRA petitioners seeking relief in the Philadelphia Court of

---

[2] We appreciate that an earlier petition would appear to have been pending for 35 months, or since June 11, 2012, at the time of White's petition to our Court. But that petition did not raise the Eighth Amendment claim presented here and based upon the June 25, 2012 *Miller* decision.

5

Common Pleas on *Miller* grounds.³ While that sudden influx of cases alone could account for delays in the state adjudication process, many of the state courts have been waiting to adjudicate these petitions until the jurisprudence as to the retroactivity of *Miller* becomes more clear pending the United States Supreme Court's possible review of *Cunningham*.⁴ To that end, Respondents have represented to us in another case pending in this district that all PCRA *Miller* cases in Philadelphia are being held until the disposition of the *Cunningham* certiorari petition. *See, e.g.,* Resp. to Pet. in E.D. Pa. Civ. A. No. 13-3515, at 4 (filed Nov. 26, 2013) (reporting direct of the Supervising Judge of the Criminal Division of the Philadelphia Court of Common Pleas). Therefore, we find that the delay in the adjudication of White's PCRA petition is not "inexcusable" but rather derives from a sensible administrative determination in light of a potentially changeable legal landscape.

The delay in the state court PCRA proceedings involving White's *Miller* claim is neither inexcusable nor inordinate. The manner in which his *Miller* PCRA petition has been handled

---

³ The Philadelphia District Attorney's Office represented to the Court in a filing in another case earlier this year that "there are currently over 200 identified cases pending in the Eastern District of Pennsylvania relating just to Philadelphia inmates who are alleging that they were under 18 at the time of their crimes." *See* Resp. to Pet. in E.D. Pa. Civ. A. No. 13-3459, at 2 (filed Jan. 10, 2014). We assume that a large percentage of those 200 federal petitioners continue to await review in the PCRA Court as the few test cases, such as *Cunningham*, work their way through the appellate process.

⁴ Although the Pennsylvania Supreme Court's decision in *Cunningham* on October 30, 2013 represented the final word on the *Miller* retroactivity question from the state supreme court, and one which cannot be disputed by the lower courts in the Commonwealth at this time, the United States Supreme Court has been asked to review the *Cunningham* decision. *See Cunningham v. Pennsylvania*, U.S. S. Ct. Docket No. 13-1038 (reflecting petition for a writ of certiorari filed Feb. 26, 2014 and response deadline extended to Apr. 30, 2014). A reversal of the state supreme court's decision would offer the possibility of relief in state court for PCRA petitioners with pending *Miller* claims.

thus far in the PCRA Court does not at this time warrant an exemption from the exhaustion requirement. We do not believe that White should be excused from the exhaustion requirement at this juncture.

### B. Holding the petition in abeyance and staying consideration until the exhaustion requirement is satisfied

As White still "has the right under the law of the State to raise, by any available procedure, the question presented," 28 U.S.C. § 2254(c), White's *Miller* claim is unexhausted but not defaulted. It is subject to dismissal without prejudice to his right to re-file upon completion of the state court proceedings. In *Rhines v. Weber*, 544 U.S. 269 (2005), however, the Supreme Court approved the use of a "stay and abey" procedure for petitioners who could show good cause for failing to exhaust a claim with potential merit claim and who came to federal court to ensure that the unexhausted claim was being presented within the federal statute of limitations. The Court recognized that by staying the federal petition rather than dismissing it as unexhausted, the petitioner could complete the state procedures necessary to comply with AEDPA's exhaustion requirement without the need to re-file at a point in time that might be outside of the statute of limitations. *Rhines*, 544 U.S. at 278. Apart from the circumstances of *Rhines*, which involved a "mixed" petition presenting exhausted and unexhausted claims, both the Supreme Court and the Third Circuit have sanctioned the filing of a "protective" habeas petition with a request that consideration of the petition be stayed pending exhaustion of state remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009).

This "stay and abey" approach has been applied by many courts in this district. *See, e.g., Elliott v. Folino*, Civ. A. No. 13-1944, 2013 WL 3943163 (E.D. Pa. July 31, 2013) (order of Yohn, J., approving and adopting Report of Hey, M.J.); *Graber v. Harry*, Civ. A. No. 13-3369, 2013 WL 3929629 (E.D. Pa. July 30, 2013) (order of Davis, J., approving and adopting Report of Rice, M.J.); *Figueroa v. Wenerowicz*, Civ. A. No. 13-2687, 2013 WL 3929628 (E.D. Pa. July 30, 2013) (order of Diamond, J., approving and adopting Report of Angell, M.J.); *Stinson v. Wenerowicz*, Civ. A. No. 13-1814, 2013 WL 3084441 (E.D. Pa. June 18, 2013) (order of Joyner, J., approving and adopting Report of Hey, M.J.); *Correa v. Harlow*, Civ. A. No. 12-1954, 2012 WL 3041818 (E.D. Pa. July 24, 2012) (Report of Rice, M.J.), approved and adopted by Sanchez, J. (July 31, 2012). We note that a whole class of *Miller* habeas petitions transferred to our district appear to have been stayed pending the outcome of the *Cunningham* certiorari petition. *See In re Harper*, C.A. No. 14-1022, 2014 WL 1065157, *1 n.1 (3d Cir. Mar. 20, 2014) (observing that, after the circuit gave the petitioner permission to file a second or successive habeas petition, his case was then stayed, "along with other cases in which [the Third Circuit] granted § 2244(b) applications[5] raising *Miller* claims, pending disposition of a petition for a writ of certiorari to be filed in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013)"). The Court of Appeals has also found a more cautious approach appropriate in its handling of at least one *Miller* habeas petition to reach it on appeal appeal. *See, e.g., Songster v. Secretary, Pa. Department of Corrections*, No. 12-3941 (3d Cir. Nov. 20, 2013) (granting motion to stay briefing schedule in *Miller* case pending certiorari).

---

[5] This refers to the application to the Court of Appeals for leave to pursue a second or successive § 2254 petition in the district court.

We conclude that a stay is the most prudent course of action as to this petition.[6] Depending on the retroactive effect of *Miller*, White's sentence may have to be revisited by the state court.[7] While the Pennsylvania Supreme Court has determined that *Miller* does not have retroactive effect, *see Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. Oct. 30, 2013), that determination is not final: a petition for certiorari has been filed seeking review of that decision. *See Cunningham v. Pennsylvania*, U.S. S. Ct. Docket No. 13-1038 (reflecting petition for a writ of certiorari filed Feb. 26, 2014, and response deadline extended to Apr. 30, 2014). It is still possible, therefore, for Petitioner to obtain the desired relief in the state court as to his mandatory sentence if the United States Supreme Court reverses the Pennsylvania Supreme Court judgment in *Cunningham* or otherwise declares that *Miller* is to be applied retroactively.

Under the circumstances, staying consideration of White's petition is consistent with *Pace/Rhines* and with Petitioner's interest in preserving an opportunity for federal review. If he is unsuccessful in obtaining relief in the state court, he may then reactivate this federal petition once his *Miller* claim is exhausted. Therefore, we recommend that this matter be placed in

---

[6] In light of Respondents' acquiescence to a stay in lieu of dismissal for failure to exhaust, we have not undertaken any assessment of the potential merit of this unexhausted claim, which we ordinarily would do before recommending a stay pursuant to *Rhines*. We do observe, however, that the § 2254 petition at least appears to have been timely filed.

[7] At the time White was sentenced, Pennsylvania law provided for either a mandatory sentence of life imprisonment for second-degree murder, regardless of the age of the defendant at the time of the crime. *See* 18 Pa. Const. Stat. § 1102(b) (subsequently amended). After *Miller*, the statute was amended to allow a term of life imprisonment without parole or a term of 30 years to life for first-degree murder committed by a person aged 15-17. *See* 18 Pa. Cons. Stat. § 1102.1(c)(1). The amendment states that it applies prospectively to those convicted after June 24, 2012. White, however, was convicted on October 16, 1991 and each conviction became final 30 days later, when the time to file a notice of appeal to the Superior Court expired. Therefore, the legislative amendment does not inure to his benefit.

9

suspense and that Petitioner and Respondents be required to notify the Court within thirty days of the conclusion of the state court appellate proceedings in White's open PCRA case raising the *Miller* claim so that a fully exhausted habeas petition may proceed in this Court.

Our Recommendation follows.

## RECOMMENDATION

AND NOW, this 31st day of March, 2014, IT IS RESPECTFULLY RECOMMENDED that the Court STAY consideration of the habeas petition and HOLD IT IN ABEYANCE on the civil suspense docket pending exhaustion of state court remedies. IT IS FURTHER RECOMMENDED that the Court require Petitioner and Respondents to notify the court within thirty days of the conclusion of state appellate proceedings of White's pending PCRA petition so that the habeas petition may proceed in this Court.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL WHITE,<br>Petitioner, | : | CIVIL ACTION |
| v. | : | |
| JOHN E. WETZEL, et al.,<br>Respondents. | : | NO. 13-2966 |

## ORDER

**AND NOW**, this       day of            , 2014, upon careful and independent consideration of the petition for a writ of habeas corpus, the response, the reply, and available state court records, and after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The petition for a writ of habeas corpus is placed **IN SUSPENSE** until the conclusion of White's state appellate proceedings; and

3. Petitioner and Respondents **SHALL NOTIFY** the Court within thirty days of the conclusion of the state appellate proceedings in his case so that the habeas petition may proceed in this Court.

BY THE COURT:

_____
STEWART DALZELL,                J.